UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELVIN LYNN HUFFMAN,

    Plaintiff,

v.

THE PEOPLE; et al.,

    Defendants.

No. C 07-2605 SI (pr)

**ORDER OF DISMISSAL**

Melvin Lynn Huffman, an inmate at the Salinas Valley State Prison, has filed a pro se civil rights action under 42 U.S.C. § 1983. In his complaint, Huffman repeats the allegations made in an earlier-filed civil rights action, In Re. Huffman, C 07-477 SI, and repeats some of the allegations made in a habeas petition filed the same day in Huffman v. Evans, No. C 07-476 SI. In his current complaint, he alleges that he was deprived of an expert witness and phone records to show perjury. His earlier-filed pleadings make clear that these allegations pertain to the criminal trial and conviction that led to his current incarceration. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint filed in this action duplicates an earlier-filed complaint that was dismissed one month before this action was filed, In Re. Huffman, C 07-477 SI. When the court dismissed the earlier civil rights action, it plainly explained that a civil rights action for damages was currently barred by the rule from Heck v. Humphrey, 512 U.S. 477 (1994), and that a petition for writ of habeas corpus (which Huffman had already filed) was the exclusive method by which he may challenge a state court conviction in federal court. Huffman's filing of another civil rights complaint a month later – with no suggestion that the conviction had been overturned in that month -- that had the exact same problems was inexplicable. The complaint is frivolous because it repeats claims made in the earlier case. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious). This action is dismissed because it duplicates the claim made in the earlier-filed action and because any challenge to the conviction must be made in a petition for writ of habeas corpus. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 10, 2007

_____
SUSAN ILLSTON
United States District Judge

2